[Department One.—August 29, 1883.]

NETTIE D. HARRIS, ADMINISTRATRIX OF THE ESTATE OF J. H. HARRIS, DECEASED, APPELLANT, *v.* E. A. HARRIS ET AL., RESPONDENTS.

SALE—PERSONAL PROPERTY—MENTAL INCAPACITY—SUBSEQUENT PURCHASER.—
A sale of personal property, made by one not having the mental capacity to contract, does not transfer the title and is void, both as against the vendee and subsequent purchasers from him.

APPEAL from a judgment of the Superior Court of Lassen County

The plaintiff's decedent sold a lot of horses to defendant E. A. Harris. At the time of the sale the vendor was paralyzed, and mentally incapable of contracting. Afterward E. A. Harris sold the horses to the defendants Moulton and Myers, who were innocent purchasers, and entirely ignorant of any defect in the title of their vendor. The court gave judgment in favor of defendants Myers and Moulton, and a judgment against defendant E. A. Harris for costs. The other facts appear in the opinion of the court.

*E. V. Spencer,* and *C. McClaskey,* for Appellant.

*Hart & White,* for Respondents.

McKEE, J. — The appeal under consideration is from the judgment alone. From the findings it appears that on the 17th of May, 1880, James H. Harris was the owner and in possession of the band of horses which is the subject of controversy, and that on that day he conveyed the band by a bill of sale, which he signed, executed, and delivered to the defendant E. A. Harris, who afterwards, on November 1, 1880, sold and delivered the horses to his co-defendants, Moulton and Myers. But the court also found as follows : —

"That for several days prior to the said 17th day of May, and up to his death, on the 18th day of May, 1880, the deceased was completely paralyzed in his body and limbs, so as to be utterly and entirely helpless, and incapable of doing any act or thing, and was so affected in his mind and reasoning faculties as to be incompetent to transact any business whatever.

"That while deceased was so helpless, and without understanding of the nature and quality of his acts, and but a few hours before his death, the defendant E. A. Harris procured to be made the said bill of sale, purporting to convey all of the said band of horses to E. A. Harris for the consideration of one thousand dollars, and that the deceased was induced to sign, execute, and deliver said bill of sale without understanding or comprehending the nature, scope, or extent thereof, he, the

deceased being at the time without mind, without reason, and without will, either to act or not to act."

And· upon the findings judgment was entered in favor of the defendants Moulton and Myers, and against the defendant E. A. Harris.

The findings are ambiguous. If the court meant to find as a fact that the original vendor, James H. Harris, sold and delivered the property to his vendee, E. A. Harris, by a bill of sale, duly executed and delivered, then the title to the property passed to the vendee, and his subsequent vendees became the owners of the property. But if there was no such transfer by reason of the mental incapacity of James H. Harris to execute the bill of sale, then the transaction was absolutely void (§ 1550, Civ. Code); the title of the owner did not pass either to the defendant, E. A. Harris, or his co-defendants, Moulton and Myers (*Boggs* v. *Hargrave,* 16 Cal. 560 ; *Robinson* v. *Haas,* 40 Cal. 474 ; *Mitchell* v. *Hockett,* 25 Cal. 538); and the plaintiff was entitled to recover.

Construing, however, the findings as a whole (as they are entitled to be construed) to mean that the execution and delivery of the bill of sale was mere form, which only purported to transfer, but did not in fact transfer the property, because of the mental incapacity of James H. Harris to execute such a document, or to enter into a contract of sale, the decision of the court is erroneous.

The judgment must therefore be reversed and the cause remanded for a new trial. So ordered.

Ross, J., and McKinstry, J., concurred.